IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

FILED
2014 DEC 15 PM 1:35
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

| | | |
|---|---|---|
| KATHLEEN P. NEWMAN, | : | CASE NO: 3:14-CV-1489-J__PDB |
| Petitioner, | : | DIVISION:_____ |
| VS. | : | |
| ORANGE PARK MEDICAL CENTER, | : | |
| JOSEPH M. SHAUGHNESSY, M.D., LUIS | : | |
| E. RIOS, M.D., NAJA R. NADDAF, M.D., | : | |
| AND ALL OTHERS INVOLVED IN THIS CASE, | : | |
| AND PRESENT AT ORANGE PARK MEDICAL | : | |
| CENTER BETWEEN THE APPLICABLE DATES | : | |
| OF January 1, 2011 and January 17, 2011. | : | JURY HEARING REQUESTED |
| Defendants. | | |

**WRIT OF HABEAS CORPUS PETITION/SUIT TO ADDRESS**

**CONSTITUTIONAL VIOLATIONS**

1

COMES PETITIONER ,Kathleen P. Newman, Respectfully presenting her CIVIL ACTION FOR MEDICAL MALPRACTISE, RECKLESS ENDANGERMENT, AND NEGLIGIENCE. Petitioner offers the following as support:

1. Petitioner states that on January 11, 2011 she suffered chest pain and was admitted to the Defendant Orange Park Medical Center, and upon entering the Emergency Room she informed the triage Nurses that her allergies were inclusive of the fillers found in **LEVOTHYROXINE,MAXZIDE, AND MONISTATE.** While in the Emergency Room Triage Petitioner suffered a heart attack and was taken to the heart-cath lab where a stent was placed in Petitioner's heart area.
2. Petitioner avers that on January 11, 2011 Doctors Luis Rios, Lawrence Fitzgerald, and Kaniparti did see and read the November 29,2010 medical record sent from the Office o Doctor Joseph M. Shaughnessy clearly stating that petitioner was allergic to certain medication and giving a regimen of the medications petitioner was currently using. What becomes most important in this instant cause is the fact that on the November 29, 2010 it is clearly stated and shown that the allergies of petitioner are MONISTAT 3, MAZIDE, AND LEVOTHYROXINE SODIUM, thus the knowledge that defendants had prior notice of the allergies cannot be denied and in exhibits one, two, and three ( The November 29,2010 medical record of Kathleen P. Newman) it shows this Honorable Court that the certainty of the medical staff knowing what petitioner was allergic to.
3. Petitioner further avers that the facts stated in exhibits numbered four and five clearly show proof that the attending Doctors Fitzgerald ,Rios, and Kaniparti most certainly examined and consulted on the old medical records on January 11, 2011, but as shown in exhibit six, on January 12, 2011 Doctor Naddaf gave petitioner 50 meg of Levothyroxine causing the outbreak of a rash on petitioner that clearly show negligence in the actions of Doctor Naddaf, and a reckless endangerment, exhibits seven and eight once again confirm a negligent behavior on the actions of Doctors Naddaf and Fitzgerald.
4. Petitioner avers that only after signs of memory loss, disorientation, and rashes started up did the Doctor discontinue the use of Levothyroxine on January 18 2011. (please see exhibits nine, ten , and eleven).
5. Petitioner avers that on January 18, 2011 Doctor Fitzgerald finally made an official note in the progress reports that petitioner was allergic to the drug Levothroxine it now became official (please see exhibit twelve).
6. Petitioner states that on January 19,2011 her husband Daniel Newman di contact Doctor Shaugnessy's Office and requested information in petitioner's past medical history and chart.(see exhibit Thirteen )
7. Petitioner avers that exhibit fourteen is a letter in answer to an October 20,2011 letter that petitioner and her husband sent to Orange Park Medical Center inquiring into the absolute fact that petitioner had received the wrong medication during her two admissions to the hospital, with the answer being the expected which goes against the medical records and notes of the Doctors involved whom accurately described the giving of the medication Levothyroxine to the petitioner on numerous occasions during her stay at Orange Park Medical Center, and if the

    November 10, 2011 letter in answer would be correct then the fact that the Doctors working in that hospital had no knowledge that the drug they were ordering for a patient in need was never given because the Pharmacy did not stock Levothyroxine at that time is in itself a falsification of medical records and a reckless endangerment of a patient.

8. Petitioner avers that the malpractice, negligence, and reckless endangerment, shown in this instant cause then the attempt to hide what was done, would be comical if the petitioner was not left with a memory loss, which is permanent, pain and suffering, mental anguish, loss of the ability to earn a wage to aid in the sustaining a household, loss of the ability to enjoy life ,and act in a normal fashion without pain or fear of having a heart attack, or stroke. These are permanent losses and restrictions caused by the induction of a medication that the petitioner was allergic to and had a written history for all to see concerning the allergic reaction that was ongoing and horrific to the petitioner's life and happiness for the future.

9. Petitioner avers that beside the loss, pain, and continuing medical breakdowns of herself, there is also the loss of care, comfort, affections, and monetary aid that petitioner could have brought to the partnership of her spouse and family on a permanent basis.

10. Petitioner further avers that during the hearing in Case # 16-013-CA-0010, the presiding Judge Mark J. Borello) did stop and tend to mute the proceedings at an approximant 2 minutes into the hearing and stated that he (Judge Borello) had forgot to swear in the Plaintiff and must do so before proceeding Thus after being not given leave to have Daniel Newman (Husband of Plaintiff) speak in Plaintiff's place, and knowing plaintiff had bad health and memory loss, the court further confused and disabled the lawful proceedings, and denied the United States Constitutional Right of a Fair Hearing, a presentation before a selected group of plaintiff's peers, and fair Representation, and further in violation of the disability that plaintiff had with her known heart condition, her known memory loss, her mobility problems, etc., etc. all of the court knew about considering the very nature of the lawsuit itself, thus violating the Americans with Disabilities Act as stated in **TAYLOR V. PHOENIVILLE SCHOOL DIST.,** 184 F3d 296 (3rd Cir. 1999)which states in part:

**"Thinking is a " major life activity" under the ADA."**
**(emphases added)**

And further under **HEAD V. GLACIER NORTHWEST INC.,** 413 F3d 1053 (9th Cir. 2005) where it is stated in part;

"Thinking and reading are a major life activity under the ADA."

With both the cites in play in this instant cause and certainly the added stress and confusion the court imposed on a woman trying to get justice and some form of aid to help herself and her family a violation of the Cannons Rule of Professional Conduct must be held as a level reaching the true meaning of TORT in this cause.

3

## RELIEF REQUESTED

PETITIONER, Kathleen P. Newman, in her pain and anguish, seeks monetary and medical compensation as is only just, and the amount determined by petitioner for the loss of her normal life, and for the suffering and pain, and for the permanent loss of the capability to earn a living, show affection to her husband, loss of enjoyment from her children and grandchildren due to a loss of income to visit them, and a physical restriction from present and continuing ailments, plus the memory loss has stolen time from petitioner's memories of her children growing up, has an inability to set a price on. But the Petitioner is asking for an amount of One Hundred and Twenty Million Dollars, to cover the losses shown, and future losses that will be ongoing and painful to say the least, and the responsibility of aid in all medical costs associated with the negligent and reckless acts of the Orange Park Medical Center, and all actors listed and applicable to this case for the remainder of all medical needs during plaintiff's life .

Petitioner Prays this Honorable Court Grant the Relief requested and allow the petitioner to have some ability to continue without the stress and pain that knowing you cannot help your husband maintain and support your own home which is frustrating and stressful, then looking at the cause that could and should have been avoided it becomes depressing and affection, attention, and care leaves your heart , so to relieve one care from life would at least allow petitioner to regain her life without the stress.

## **REASONS WRIT SHOULD ISSUE**

Plaintiff avers that since the introduction of Levothyroxine into her system, the health concerns have become horrific with heart problems, memory loss, confusion, medications that at time cause further complications, loss of the ability to function at her normal speed and abilities, and continued hospital visits for heart problems, headaches, and many other problems.
  Plaintiff avers  the Defendant Medical Center and Staff were forewarned, and told in no uncertain terms  of the allergies plaintiff had on **_LEVOTHYROXINE,MAXZIDE, AND MONISTATE_**
But still administered the drugs and causing an escalation in medical reactions resulting in the plaintiff's ongoing medical conditions and reduction in her health to a point where the fear of dying is a daily reality.
 Plaintiff has shown her cause is just, and has shown the parties guilty of gross negligence, medical malpractice, wanton and  willful attempts to cover up their actions, and responsible for the medical condition of plaintiff which is getting worse on a steady basis.
Plaintiff avers that State remedies have been exhausted and this case is ripe for a hearing before a Jury of Peers in this Court as Guaranteed by the Seventh Amendment of the United States Constitution which states:

4

> "IN SUITS AT COMMON LAW, WHERE THE VALUE IN CONTROVERSY SHALL EXCEED TWENTY DOLLARS, THE RIGHT OF TRIAL BY JURY SHALL BE PRESERVED, AND NO FACT TRIED BY A JURY SHALL BE OTHERWISE REEXAMINEDIN ANY COURT OF THE UNITED STATES, THAN ACCORDING TO THE RULES OF COMMON LAW"

Plaintiff avers further that Constitutional Guarantee of Equal Protection of the Laws was violated by the state courts failure to give her the right of representation, and Jury Trial, and under the Fourteenth Amendment of the United States Constitution it clearly states:

> "ALL PERSONS BORN OR NATURALIZED IN THE UNITED STATES, AND SUBJECT TO THE RESIDE. NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS "

Plaintiff Prays this Honorable Court allow this instant cause to go before a jury for a rational and just conclusion, and allow plaintiff an appointment of council to continue her cause, and any other relief this Honorable Court deems applicable.

Respectfully submitted,

*Kathleen P. Newman*
Kathleen P. Newman, Petitioner

DATED: 12-15-14

5

INDEX OF EXHIBITS

| EXHIBIT | | PAGE NUMBER |
|---|---|---|
| ONE- | NOVEMBER 29, 2010 MEDICAL RECORDS | 2 |
| TWO | NOVEMBER 29, 2010 MEDICAL RECORDS | 2 |
| THREE | NOVEMBER 29, 2010 MEDICAL RECORDS | 2 |
| FOUR | JANUARY 11, 2011 ORANGE PARK MEDICAL CENTER MEDICAL RECORD | 2 |
| FIVE | JANUARY 11, 2011 ORANGE PARK MEDICAL CENTER MEDICAL RECORD | 2 |
| SIX | JANUARY 12, 2011 PHYSICIAN ORDERS | 2 |
| SEVEN | JANUARY 12, 2011 PHYSICIANS ORDERS | 2 |
| EIGHT | JANUARY 17/18, 2011 PHYSICIAN'S PROGRESS NOTES | 2 |
| NINE | JANUARY 17, 2011 PHYSICIAN'S ORDERS | 2 |
| TEN | JANUARY 17, 2011 PHYSICIAN'S ORDERS | 2 |
| ELEVEN | JANUARY 18, 2011 PHYSICIAN'S ORDERS | 2 |
| TWELVE | JANUARY 18, 2011 PHYSICIAN'S PROGRESS NOTES | 2 |
| THIRTEEN | JANUARY 19, 2011 LOG NOTE DR. SHAUGHNESSY OFFICE | 2 |
| FOURTEEN | NOVEMBER 10, 2011 LETTER FROM ORANGE PARK MEDICAL CENTER | 2 |

**INDEX OF CITES USED**

<u>**TAYLOR V. PHOENIVILLE SCHOOL DIST.,**</u> 184 F3d 296 (3rd Cir. 1999)        PAGE   3

<u>**HEAD V. GLACIER NORTHWEST INC.,**</u> 413 F3d 1053 (9th Cir. 2005)        PAGE   3


**CONSTITUTIONAL AMENDMENTS CITED**


United States Constitutional Amendment Six.................................................................Page 4.
United States Constitutional Amendment Fourteen......................................................Page 5.